CA 07 270

# Exhibit A

STATE OF RHODE ISLAND
WASHINGTON, SC.

SUPERIOR COURT

Exeter Real Estate Holding, LLC,
a/k/a EREH, LLC
Plaintiff

CA 07 270

v.

CA. No: WC-07-0372

The Town of Exeter by and through Richard D. Walker, as Treasurer of the Town of Exeter,

and

The Town of Exeter Town Council, by and through its members, and

Calvin A. Ellis, individually, and

Robert E. Johnson Jr., individually, and

Kenneth L. Fernstrom, and

William P. Monahan, individually, and

Donald R. Staley, individually
Defendants

SUPERIOR COURT
FILED
JUN 6 2007
WASHINGTON COUNTY
COURTLAND R. CHAPMAN JR.
CLERK

# VERIFIED COMPLAINT

## Nature of the Action

This complaint seeks a declaration by this Honorable Court invalidating the Exeter Town Council's repeal of Section 1.4.B.D.8 of the Exeter Zoning Ordinance, which provides for age-restricted affordable housing (the "Age Restricted Ordinance"). Said repeal is inconsistent with the Exeter Comprehensive Plan (the "Comprehensive Plan") and therefore violates R.I. Gen. Laws § 45-22.2-1 et. seq., known as the Rhode Island Comprehensive Planning and Land Use Regulation Act (the "Comprehensive Planning Act"), R.I. Gen. Laws § 45-23-25 et. seq., known as the Rhode Island Land Development and Subdivision Review Enabling Act of 1992 (the "Development Review Act"), R.I. Gen. Laws § 45-24-27 et. seq., known as the Rhode Island Zoning Enabling Act of 1991 (the "Zoning Enabling Act"), as well as Section 8.2 of the Exeter Zoning Ordinance, all of which require that the Exeter Zoning Ordinance be consistent with the Comprehensive Plan. In addition, this complaint seeks a declaration by this Honorable Court finding that the Defendants violated the Plaintiff's federal and state constitutional due process and equal protection rights and as such violated the federal Civil Rights Law, 42 USC § 1983.

This complaint also seeks a judgment by this Honorable Court finding that the Defendants committed tortious interference with the Plaintiff's current and prospective economic advantage. The Plaintiff seeks damages in connection with the foregoing and also seeks such other and further relief as this Court deems just and proper.

## Parties

1. The Plaintiff, Exeter Real Estate Holding, LLC, which is also registered in Rhode Island under the fictitious business name EREH, LLC (the "Plaintiff"), is a limited liability company organized under the General Laws of the State of Delaware and duly authorized to conduct business in the State of Rhode Island.

2. Defendant, Richard D. Walker at all times material hereto was the Treasurer for the Town of Exeter, Rhode Island (the "Town") and is being sued in his capacity as Treasurer of the Town.

3. Defendant, the Exeter Town Council, is an arm or instrumentality of the Town of Exeter that is comprised of five (5) members, including Chairman Calvin A. Ellis, Robert E. Johnson, Jr., Kenneth L. Fernstrom, William P. Monahan, and Donald R. Staley (the "Town Council").

4. Defendant, Calvin A. Ellis ("Ellis") is an individual who resides in the Town of Exeter and at all relevant times was a member of the Town Council and is being sued in his individual, and not official, capacity.

5. Defendant, Robert E. Johnson Jr. ("Johnson") is an individual who resides in the Town of Exeter and at all relevant times was a member of the Town Council and is being sued in his individual, and not official, capacity.

6. Defendant, Kenneth L. Fernstrom ("Fernstrom") is an individual who resides in the Town of Exeter and at all relevant times was a member of the Town Council and is being sued in his individual, and not official, capacity.

7. Defendant, William P. Monahan ("Monahan") is an individual who resides in the Town of Exeter and at all relevant times was a member of the Town Council and is being sued in his individual, and not official, capacity.

8. Defendant, Donald R. Staley ("Staley") is an individual who resides in the Town of Exeter and at all relevant times was a member of the Town Council and is being sued in his individual, and not official, capacity.

## Jurisdiction and Venue

9. This Court has jurisdiction pursuant to R.I. Gen. Laws §§ 8-2-13, 8-2-14, 9-30-1 and otherwise.

10. Venue is proper in this Court pursuant to R.I. Gen. Laws § 9-4-3.

## General Allegations

### Background

11. The Plaintiff is the owner of that certain tract of land designated as Assessor's Map 23, Block 3, Lot 3 on Ten Rod Road in the Town of Exeter, State of Rhode Island (the "Property").

12. Plaintiff is seeking to construct an age restricted affordable housing development (hereinafter "Cobblestone Village" or the "Development") on the Property pursuant to the Age Restricted Ordinance.

13. In January 2007, Plaintiff submitted an application for Cobblestone Village to the Exeter Planning Board (as supplemented and amended to date, the "Application").

### The Repeal of the Age Restricted Ordinance Conflicts with the Comprehensive Plan

14. The Zoning Enabling Act states, at R.I. Gen. Laws § 45-24-50, that "a zoning ordinance, and all amendments to it, must be consistent with the city or town's comprehensive plan".

15. In September 2005, the Town adopted the Exeter Affordable Housing Plan ("AHP") as a component of the Town's Comprehensive Plan.

16. Policy 5G of the AHP states that the Town shall "Establish an article in the zoning ordinance permitting senior housing developments, or 'retired adult communities,' for persons aged 55/65 and over, in specified residential and commercial areas with reduced parking, setback and other requirements", containing an affordable housing component. The AHP further states that such an ordinance shall have "increased density".

17. The AHP states that "It is noted that the State requires these 'legislative actions' [i.e. implementation of Policy 5G and the other Policies described in Section 8.2 of the AHP] to be implemented within <u>one</u> year after the [AHP] is approved and adopted." (Emphasis added).

18. The AHP requires that, beginning on that one (1) year anniversary, the Town must continuously have an age-restricted affordable housing ordinance pursuant to Policy 5G.

19. As of September, 2006, this one (1) year period had expired and the Town was therefore required by the above mentioned portions of the AHP to continuously, from that point forward, have an age-restricted affordable housing zoning ordinance.

20. As of May 7, 2007, the only portion of the Exeter Zoning Ordinance specifically addressing age-restricted affordable housing was the Age Restricted Ordinance.

21. The February 5, 2007 Town Council meeting minutes confirm that the Town Council knew that an age-restricted affordable housing ordinance "is required in order to comply with our Affordable Housing Plan and State law."

22. The February 5, 2007 Town Council meeting minutes demonstrate that the Town Council knew that it could not repeal the Age-Restricted Ordinance without violating the Town's Comprehensive Plan.

23. On May 7, 2007, the Town Council repealed the Age-Restricted Ordinance.

24. On May 7, 2007 the Town Council knew that repealing the Age-Restricted Ordinance would be unlawful but chose to do so anyway.

25. The repeal of the Age Restricted Ordinance by the Town Council is inconsistent with the obligations set forth in the AHP component of the Town's Comprehensive Plan, and therefore such repeal violates the Comprehensive Planning Act, the Development Review Act, the Zoning Enabling Act, and the Exeter Zoning Ordinance, each of which requires that the Exeter zoning ordinances be consistent with the Town's Comprehensive Plan.

26. The Development Review Act states, at R.I. Gen. Laws § 45-23-72, that when a zoning enactment, repeal or amendment is not consistent with a municipality's comprehensive plan, then the court shall invalidate the enactment, repeal or amendment.

**<u>The Town Council has Engaged in a Pattern of Violating Legal Requirements in Order to Thwart the Plaintiff's Development</u>**

27. Plaintiff, through its attorneys, has sent three (3) letters to the Town Council – specifically, one on March 5, 2007 (the "March 5 Letter"), one on April 2, 2007 (the "April 2 Letter"), and one on May 3, 2007 (the "May 3 Letter") (hereinafter, separately and collectively, the "Letters").

28. The March 5 Letter is attached hereto as Exhibit A, and the facts and allegations set forth therein are incorporated herein by reference.

29. The April 2 Letter is attached hereto as Exhibit B, and the facts and allegations set forth therein are incorporated herein by reference.

30. The May 3 Letter is attached hereto as Exhibit C, and the facts and allegations set forth therein are incorporated herein by reference.

31. The Zoning Enabling Act states, at R.I. Gen. Laws § 45-24-44, that when an application is "substantially complete", the application obtains vested rights.

32. David Schweid, the Exeter Town Planner (the "Town Planner"), has stated on the record, at a Planning Board meeting, that as of May 3, 2007 the Application could be certified as "complete".

33. An internal memorandum written by the Town Planner on May 3, 2007 also states that as of May 3, 2007 the Application could be certified as "complete".

34. The Planning Board held a meeting on May 8, 2007 (which was one day after the Town Council repealed the Age Restricted Ordinance) to review the status of the Application.

35. As a result of the Town Council's actions on May 7, 2007, and despite the Town Planner's decision prior to May 7, 2007 that the Application could be certified as "complete", the Planning Board voted on May 8, 2007 to discontinue review of the Application, on the basis that the Age Restricted Ordinance had been repealed.

36. The Plaintiff has appealed the Planning Board's decision to the Exeter Zoning Board of Appeal.

37. The Town Council has engaged in a pattern of violating clear legal requirements in order to thwart the Plaintiff's Development – more specifically, the Town Council disregarded legal requirements in an effort to block the Plaintiffs from substantially completing its Application.

38. The Town Council engaged in a pattern of illegal actions that were designed to allow the Planning Board to discontinue review of the Application.

39. The Town Council has consistently chosen not to take proper actions, but rather has chosen to pursue illegal and improper actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

40. Ellis has consistently chosen not to take proper actions, but rather has chosen to pursue illegal and improper actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

41. Johnson has consistently chosen not to take proper actions, but rather has chosen to pursue illegal and improper actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

42. Fernstrom has consistently chosen not to take proper actions, but rather has chosen to pursue illegal and improper actions, including, without limitation, pursuing the passage of

a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

43. Monahan has consistently chosen not to take proper actions, but rather has chosen to pursue illegal and improper actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

44. Staley has consistently chosen not to take proper actions, but rather has chosen to pursue illegal and improper actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

45. The Town Council, and its members individually, were motivated to pursue such unlawful actions due to political and personal animus against the Plaintiff.

46. The Town Council did not have any discussion about the purported deficiencies and defects of the Age Restricted Ordinance until very shortly after the Town Council became aware that the Plaintiff intended to file an application under that Ordinance.

47. The Town Council's first reaction to the news that the Plaintiff intended to file its Application was to consider repealing the Age Restricted Ordinance.

48. The Town Council acknowledged at the February 5, 2007 Town Council meeting that an age-restricted affordable housing ordinance "is required in order to comply with our Affordable Housing Plan and State law".

49. The Town Council next attempted to pass an "emergency moratorium" in order to block the Development, even though the Development was designed so as not to put any material stress on municipal services, and therefore there was clearly no "emergency".

50. At the March 5, 2007 Town Council meeting that was held in order to vote on this emergency moratorium, the Plaintiff presented the Town Council with the March 5 Letter, which stated, among other things, that there was no such "emergency" and thus passing the "emergency moratorium" would be unlawful.

51. At said March 5, 2007 Town Council meeting, the Town Council, after being presented with the March 5 Letter, acknowledged that there was no "emergency", and voted to amend the proposed ordinance to read that it was a non-emergency moratorium.

52. Prior to the April 2, 2007 Town Council meeting that was held to vote on the revised, non-emergency moratorium, the Plaintiff presented the Town Council with the April 2 Letter, which stated, among other things, that the moratorium was a bad faith attempt by

the Town Council to prevent or delay a single project, and that the moratorium was unlawful.

53. When the Town Council addressed the proposed moratorium it knew that the Cobblestone Village development was the only age restricted affordable housing project that was pending.

54. Section 1.4.B.D.19 of the Exeter Zoning Ordinance clearly states that "an age-restricted housing development shall not be subject to any. . . future development moratorium imposed by the Town of Exeter or any of its subdivisions, agencies, officials or boards."

55. At said April 2, 2007 Town Council meeting, the Town Council met in executive session to discuss the April 2 Letter, but nonetheless voted to pass the moratorium, despite its knowledge that the Exeter Zoning Ordinance precluded the enactment of a moratorium.

56. Despite having previously acknowledged, at the February 5, 2007 Town Council meeting, that an age-restricted affordable housing ordinance "is required in order to comply with our Affordable Housing Plan and State law", the Town Council set a meeting for May 7, 2007 to vote on repealing the Age Restricted Ordinance.

57. Prior to the May 7, 2007 meeting, the Plaintiff presented the Town Council with the May 3 Letter, in which the Plaintiff pointed out that the Comprehensive Plan requires that the Town have an age-restricted, affordable housing zoning ordinance, and that therefore any repeal of the Age Restricted Ordinance would be illegal and invalid.

58. At the May 7, 2007 meeting, the Town Council met in executive session to discuss the May 3 Letter but nonetheless voted to repeal the Age Restricted Ordinance.

59. The Town Council voted to repeal the Age Restricted Ordinance despite the fact that nothing had occurred since February 5, 2007 that would have changed the Town Council's acknowledgment that an age-restricted affordable housing ordinance "is required in order to comply with our Affordable Housing Plan and State law".

## <u>COUNT I</u>

*(Declaratory relief with respect to the unlawful and invalid repeal of the Age-Restricted Ordinance)*

60. The Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1 through 59 of this Complaint.

61. The Zoning Enabling Act states, at § 45-24-50, that "a zoning ordinance, and all amendments to it, must be consistent with the city or town's comprehensive plan".

62. The AHP is an integral part of the Comprehensive Plan.

63. Policy 5G of the AHP states that the Town shall "Establish an article in the zoning ordinance permitting senior housing developments, or 'retired adult communities,' for persons aged 55/65 and over, in specified residential and commercial areas with reduced parking, setback and other requirements", containing an affordable housing component. The Implementation Section states that such an ordinance shall have "increased density".

64. As of February 5, 2007 the Town Council knew that it could not repeal the Age-Restricted Ordinance without violating the Comprehensive Plan.

65. The repeal of the Age Restricted Ordinance by the Town Council is not consistent with the Comprehensive Plan, and therefore such repeal violates the Comprehensive Planning Act, the Development Review Act, the Zoning Enabling Act, and the Exeter Zoning Ordinance, each of which requires that the Exeter zoning ordinances be consistent with the Comprehensive Plan.

66. Despite its knowledge that the repeal of the Age Restricted Ordinance was not consistent with the Comprehensive Plan, the Town Council voted to repeal the Age Restricted Ordinance.

67. The Development Review Act states, at § 45-23-72, that when a zoning enactment, repeal or amendment is not consistent with a municipality's comprehensive plan, then the court shall invalidate the enactment, repeal or amendment.

WHEREFORE, the Plaintiffs seek a declaration from this Honorable Court that the repeal of the Age-Restricted Ordinance was unlawful and invalid and such other and further relief as this Honorable Court deems just and proper.

## COUNT II

*(Violations of the Plaintiff's constitutional due process and equal protection rights)*

68. The Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 67 of this Complaint.

69. The actions of the Town Council in repealing the Age-Restricted Ordinance were performed under the color of state law.

70. The Town Council has engaged in a pattern of violating clear legal requirements in order to thwart the Plaintiff's Development.

71. The Town Council has chosen to pursue illegitimate actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

72. The Town Council has singled the Plaintiff out for unequal and unlawful treatment.

73. The Town Council's attempts to block the Development by pursuing unlawful moratoriums, and then by unlawfully repealing the Age-Restricted Ordinance, violate the Plaintiff's rights and privileges under the Rhode Island Declaration of Rights, particularly Section 2, which provides that "[n]o person shall be deprived of life, liberty or property without due process of law, nor shall any person be denied equal protection of the laws."

74. The above-described actions by the Town Council have also deprived the Plaintiff of its constitutional right to due process and equal protection as set forth in the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the Plaintiff seeks a declaration from this Honorable Court that the Defendants have violated the Plaintiff's federal and state due process and equal protection constitutional rights, and Plaintiff also seeks damages and such other and further relief as this Honorable Court deems just and proper.

## COUNT III

*(42 USC § 1983 as against Ellis)*

75. The Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 74 of this Complaint.

76. In May, 2006 the former Town Council (of which Calvin A. Ellis was not a member) enacted the Age Restricted Ordinance.

77. Calvin A. Ellis objected to such enactment and in fact was one of the plaintiffs who filed a lawsuit (subsequently dismissed) seeking to invalidate the Age Restricted Ordinance.

78. The individual actions of Calvin A. Ellis in repealing the Age-Restricted Ordinance were performed under the color of state law.

79. Calvin A. Ellis engaged in a pattern of violating clear legal requirements in order to thwart the Plaintiff's Development.

80. Calvin A. Ellis has chosen to pursue illegitimate actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

81. Calvin A. Ellis misused his official position to violate the plaintiff's rights and has singled the Plaintiff out for unequal and unlawful treatment.

82. Calvin A. Ellis' attempts to block the Development by pursuing unlawful moratoriums, and then by unlawfully repealing the Age-Restricted Ordinance, violate the Plaintiff's rights and privileges under the Rhode Island Declaration of Rights, particularly Section 2, which provides that "[n]o person shall be deprived of life, liberty or property without due

process of law, nor shall any person be denied equal protection of the laws."

83. The above-described actions by Calvin A. Ellis have also deprived the Plaintiff of its constitutional right to due process and equal protection as set forth in the Fourteenth Amendment to the United States Constitution, and as such the Plaintiff is entitled to all of its rights and remedies against Calvin A. Ellis pursuant to the federal Civil Rights Law, 42 USC § 1983.

WHEREFORE, the Plaintiff seeks a declaration from this Honorable Court that the Calvin A. Ellis violated the Plaintiff's federal and state due process and equal protection constitutional rights, and Plaintiff also seeks damages and such other and further relief as this Honorable Court deems just and proper.

## COUNT IV

*(42 USC § 1983 as against Fernstrom)*

84. The Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 83 of this Complaint.

85. The individual actions of Kenneth L. Fernstrom in repealing the Age-Restricted Ordinance were performed under the color of state law.

86. Kenneth L. Fernstrom engaged in a pattern of violating clear legal requirements in order to thwart the Plaintiff's Development.

87. Kenneth L. Fernstrom has chosen to pursue illegitimate actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

88. Kenneth L. Fernstrom misused his official position to violate the plaintiff's rights and has singled the Plaintiff out for unequal and unlawful treatment.

89. Kenneth L. Fernstrom's attempts to block the Development by pursuing unlawful moratoriums, and then by unlawfully repealing the Age-Restricted Ordinance, violate the Plaintiff's rights and privileges under the Rhode Island Declaration of Rights, particularly Section 2, which provides that "[n]o person shall be deprived of life, liberty or property without due process of law, nor shall any person be denied equal protection of the laws."

90. The above-described actions by Kenneth A. Fernstrom have also deprived the Plaintiff of its constitutional right to due process and equal protection as set forth in the Fourteenth Amendment to the United States Constitution, and as such the Plaintiff is entitled to all of its rights and remedies against Kenneth A. Fernstrom pursuant to the federal Civil Rights Law, 42 USC § 1983.

WHEREFORE, the Plaintiff seeks a declaration from this Honorable Court that the Kenneth L.

Fernstrom violated the Plaintiff's federal and state due process and equal protection constitutional rights, and Plaintiff also seeks damages and such other and further relief as this Honorable Court deems just and proper.

## COUNT V

*(42 USC § 1983 as against Johnson)*

91. The Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 90 of this Complaint.

92. An article in the February 27, 2007 edition of the Providence Journal, written by Brandie M. Jefferson, titled "Builder Races to Beat Possible Moratorium on Development", states in relevant part: "The company is trying to move fast, Councilman Robert Johnson Jr. said in an e-mail yesterday, to beat Monday's vote. 'But they won't be grandfathered in,' he said 'no matter what they do tomorrow night.'"

93. The individual actions of Robert E. Johnson Jr. in repealing the Age-Restricted Ordinance were performed under the color of state law.

94. Robert E. Johnson Jr. engaged in a pattern of violating clear legal requirements in order to thwart the Plaintiff's Development.

95. Robert E. Johnson Jr. has chosen to pursue illegitimate actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

96. Robert E. Johnson Jr. misused his official position to violate the plaintiff's rights and has singled the Plaintiff out for unequal and unlawful treatment.

97. Robert E. Johnson Jr.'s attempts to block the Development by pursuing unlawful moratoriums, and then by unlawfully repealing the Age-Restricted Ordinance, violate the Plaintiff's rights and privileges under the Rhode Island Declaration of Rights, particularly Section 2, which provides that "[n]o person shall be deprived of life, liberty or property without due process of law, nor shall any person be denied equal protection of the laws."

98. The above-described actions by Robert E. Johnson Jr. have also deprived the Plaintiff of its constitutional right to due process and equal protection as set forth in the Fourteenth Amendment to the United States Constitution, and as such the Plaintiff is entitled to all of its rights and remedies against Robert E. Johnson Jr. pursuant to the federal Civil Rights Law, 42 USC § 1983.

WHEREFORE, the Plaintiff seeks a declaration from this Honorable Court that the Robert E. Johnson Jr. violated the Plaintiff's federal and state due process and equal protection constitutional rights, and Plaintiff also seeks damages and such other and further relief as this Honorable Court deems just and proper.

## COUNT VI

*(42 USC § 1983 as against Monahan)*

99. The Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 98 of this Complaint.

100. The individual actions of William P. Monahan in repealing the Age-Restricted Ordinance were performed under the color of state law.

101. William P. Monahan engaged in a pattern of violating clear legal requirements in order to thwart the Plaintiff's Development.

102. William P. Monahan has chosen to pursue illegitimate actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

103. William P. Monahan misused his official position to violate the plaintiff's rights and has singled the Plaintiff out for unequal and unlawful treatment.

104. William P. Monahan's attempts to block the Development by pursuing unlawful moratoriums, and then by unlawfully repealing the Age-Restricted Ordinance, violate the Plaintiff's rights and privileges under the Rhode Island Declaration of Rights, particularly Section 2, which provides that "[n]o person shall be deprived of life, liberty or property without due process of law, nor shall any person be denied equal protection of the laws."

105. The above-described actions by William P. Monahan have also deprived the Plaintiff of its constitutional right to due process and equal protection as set forth in the Fourteenth Amendment to the United States Constitution, and as such the Plaintiff is entitled to all of its rights and remedies against William P. Monahan pursuant to the federal Civil Rights Law, 42 USC § 1983.

WHEREFORE, the Plaintiff seeks a declaration from this Honorable Court that the William P. Monahan violated the Plaintiff's federal and state due process and equal protection constitutional rights, and Plaintiff also seeks damages and such other and further relief as this Honorable Court deems just and proper.

## COUNT VII

*(42 USC § 1983 as against Staley)*

106. The Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1 through 105 of this Complaint.

107. The individual actions of Donald R. Staley in repealing the Age-Restricted Ordinance

were performed under the color of state law.

108. Donald R. Staley engaged in a pattern of violating clear legal requirements in order to thwart the Plaintiff's Development.

109. Donald R. Staley has chosen to pursue illegitimate actions, including, without limitation, pursuing the passage of a moratorium that was clearly prohibited by the Exeter Zoning Ordinances, and repealing the Age Restricted Ordinance even though that Age Restricted Ordinance was clearly required by the Comprehensive Plan.

110. Donald R. Staley misused his official position to violate the plaintiff's rights and has singled the Plaintiff out for unequal and unlawful treatment.

111. Donald R. Staley's attempts to block the Development by pursuing unlawful moratoriums, and then by unlawfully repealing the Age-Restricted Ordinance, violate the Plaintiff's rights and privileges under the Rhode Island Declaration of Rights, particularly Section 2, which provides that "[n]o person shall be deprived of life, liberty or property without due process of law, nor shall any person be denied equal protection of the laws."

112. The above-described actions by Donald R. Staley have also deprived the Plaintiff of its constitutional right to due process and equal protection as set forth in the Fourteenth Amendment to the United States Constitution, and as such the Plaintiff is entitled to all of its rights and remedies against Donald R. Staley pursuant to the federal Civil Rights Law, 42 USC § 1983.

WHEREFORE, the Plaintiff seeks a declaration from this Honorable Court that the Donald R. Staley violated the Plaintiff's federal and state due process and equal protection constitutional rights, and Plaintiff also seeks damages and such other and further relief as this Honorable Court deems just and proper.

## COUNT VIII

*(Tortious interference with the*
*Plaintiff's current and prospective economic advantage)*

113. Plaintiff realleges the allegations set forth in paragraphs 1 through 112 of this Complaint.

114. In connection with the Cobblestone Village development, Plaintiff entered into numerous business relationships.

115. In connection with the Cobblestone Village development, Plaintiff expected to enter into additional business relationships.

116. The Town Council had knowledge of the Plaintiff's business relationships made in connection with the Cobblestone Village Development.

117. The Town Council had knowledge of the Plaintiff's expectancy to enter into business

relationships made in connection with the Cobblestone Village development.

118. The Town Council intentionally interfered with the Plaintiff's business relationships made in connection with the Cobblestone Village development.

119. The Town Council intentionally interfered with the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

120. Plaintiff sustained damages as a result of the Town Council's interference.

121. Plaintiff incurred substantial expenses and costs associated with its Application, including, but not limited to, fees for engineers, architects, carrying costs, and legal counsel.

122. Plaintiff missed opportunities to take advantage of favorable sale and/or market conditions as a result to the Town Council's intentional, egregious and unlawful actions.

123. The Town Council's intentional, egregious and unlawful actions denied Plaintiff the opportunity to positively market and pre-sell units of the Development.

124. Plaintiff has suffered and continues to suffer substantial additional losses as a result of the Town Council's actions.

WHEREFORE, Plaintiff requests that judgment enter for it, and against Defendants, in an amount sufficient to compensate Plaintiff for its damages, together with interest, and costs, including attorneys' fees, and expenses, and grant such other relief as the Court deems appropriate.

## <u>COUNT IX</u>

*(Tortious interference with the Plaintiff's current and prospective economic advantage, as against Ellis)*

125. Plaintiffs reallege the allegations set forth in paragraphs 1 through 124 of this Complaint.

126. In connection with the Cobblestone Village development, Plaintiff entered into numerous business relationships.

127. In connection with the Cobblestone Village development, Plaintiff expected to enter into additional business relationships.

128. Calvin A. Ellis had individual knowledge of the Plaintiff's business relationships made in connection with the Cobblestone Village Development.

129. Calvin A. Ellis had individual knowledge of the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

130. Calvin A. Ellis intentionally interfered with the Plaintiff's business relationships made in connection with the Cobblestone Village development.

131. Calvin A. Ellis intentionally interfered with the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

132. Plaintiff sustained damages as a result of Calvin A. Ellis' interference.

133. Plaintiff incurred substantial expenses and costs associated with its Application, including, but not limited to, fees for engineers, architects, carrying costs, and legal counsel.

134. Plaintiff missed opportunities to take advantage of favorable sale and/or market conditions as a result to Calvin A. Ellis' intentional, egregious and unlawful actions.

135. Calvin A. Ellis' intentional, egregious and unlawful actions denied Plaintiff the opportunity to positively market and pre-sell units of the Development.

136. Plaintiff has suffered and continues to suffer substantial additional losses as a result of Calvin A. Ellis' actions.

WHEREFORE, Plaintiff requests that judgment enter for it, and against Calvin A. Ellis, individually, in an amount sufficient to compensate Plaintiff for its damages, together with interest, and costs, including attorneys' fees, and expenses, and grant such other relief as the Court deems appropriate.

## COUNT X

*(Tortious interference with the Plaintiff's current and prospective economic advantage, as against Johnson)*

137. Plaintiffs reallege the allegations set forth in paragraphs 1 through 136 of this Complaint.

138. In connection with the Cobblestone Village development, Plaintiff entered into numerous business relationships.

139. In connection with the Cobblestone Village development, Plaintiff expected to enter into additional business relationships.

140. Robert E. Johnson, Jr. had individual knowledge of the Plaintiff's business relationships made in connection with the Cobblestone Village Development.

141. Robert E. Johnson, Jr. had individual knowledge of the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village

development.

142. Robert E. Johnson, Jr. intentionally interfered with the Plaintiff's business relationships made in connection with the Cobblestone Village development.

143. Robert E. Johnson, Jr. intentionally interfered with the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

144. Plaintiff sustained damages as a result of Robert E. Johnson, Jr.'s interference.

145. Plaintiff incurred substantial expenses and costs associated with its Application, including, but not limited to, fees for engineers, architects, carrying costs, and legal counsel.

146. Plaintiff missed opportunities to take advantage of favorable sale and/or market conditions as a result to Robert E. Johnson, Jr.'s intentional, egregious and unlawful actions.

147. Robert E. Johnson, Jr.'s intentional, egregious and unlawful actions denied Plaintiff the opportunity to positively market and pre-sell units of the Development.

148. Plaintiff has suffered and continues to suffer substantial additional losses as a result of Robert E. Johnson, Jr.'s actions.

WHEREFORE, Plaintiff requests that judgment enter for it, and against Robert E. Johnson, Jr., individually, in an amount sufficient to compensate Plaintiff for its damages, together with interest, and costs, including attorneys' fees, and expenses, and grant such other relief as the Court deems appropriate.

## COUNT XI

*(Tortious interference with the Plaintiff's current and prospective economic advantage, as against Monahan)*

149. Plaintiffs reallege the allegations set forth in paragraphs 1 through 148 of this Complaint.

150. In connection with the Cobblestone Village development, Plaintiff entered into numerous business relationships.

151. In connection with the Cobblestone Village development, Plaintiff expected to enter into additional business relationships.

152. William P. Monahan had individual knowledge of the Plaintiff's business relationships made in connection with the Cobblestone Village Development.

153. William P. Monahan had individual knowledge of the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

154. William P. Monahan intentionally interfered with the Plaintiff's business relationships made in connection with the Cobblestone Village development.

155. William P. Monahan intentionally interfered with the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

156. Plaintiff sustained damages as a result of William P. Monahan's interference.

157. Plaintiff incurred substantial expenses and costs associated with its Application, including, but not limited to, fees for engineers, architects, carrying costs, and legal counsel.

158. Plaintiff missed opportunities to take advantage of favorable sale and/or market conditions as a result to William P. Monahan's intentional, egregious and unlawful actions.

159. William P. Monahan's intentional, egregious and unlawful actions denied Plaintiff the opportunity to positively market and pre-sell units of the Development.

160. Plaintiff has suffered and continues to suffer substantial additional losses as a result of William P. Monahan's actions.

WHEREFORE, Plaintiff requests that judgment enter for it, and against William P. Monahan, individually, in an amount sufficient to compensate Plaintiff for its damages, together with interest, and costs, including attorneys' fees, and expenses, and grant such other relief as the Court deems appropriate.

## COUNT XII

*(Tortious interference with the Plaintiff's current and prospective economic advantage, as against Fernstrom)*

161. Plaintiffs reallege the allegations set forth in paragraphs 1 through 160 of this Complaint.

162. In connection with the Cobblestone Village development, Plaintiff entered into numerous business relationships.

163. In connection with the Cobblestone Village development, Plaintiff expected to enter into additional business relationships.

164. Kenneth L. Fernstrom had individual knowledge of the Plaintiff's business relationships made in connection with the Cobblestone Village Development.

165. Kenneth L. Fernstrom had individual knowledge of the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

166. Kenneth L. Fernstrom intentionally interfered with the Plaintiff's business relationships made in connection with the Cobblestone Village development.

167. Kenneth L. Fernstrom intentionally interfered with the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

168. Plaintiff sustained damages as a result of Kenneth L. Fernstrom's interference.

169. Plaintiff incurred substantial expenses and costs associated with its Application, including, but not limited to, fees for engineers, architects, carrying costs, and legal counsel.

170. Plaintiff missed opportunities to take advantage of favorable sale and/or market conditions as a result to Kenneth L. Fernstrom's intentional, egregious and unlawful actions.

171. Kenneth L. Fernstrom's intentional, egregious and unlawful actions denied Plaintiff the opportunity to positively market and pre-sell units of the Development.

172. Plaintiff has suffered and continues to suffer substantial additional losses as a result of Kenneth L. Fernstrom's actions.

WHEREFORE, Plaintiff requests that judgment enter for it, and against Kenneth L. Fernstrom, individually, in an amount sufficient to compensate Plaintiff for its damages, together with interest, and costs, including attorneys' fees, and expenses, and grant such other relief as the Court deems appropriate.

**COUNT XIII**

*(Tortious interference with the Plaintiff's current and prospective economic advantage, as against Staley)*

173. Plaintiffs reallege the allegations set forth in paragraphs 1 through 171 of this Complaint.

174. In connection with the Cobblestone Village development, Plaintiff entered into numerous business relationships.

175. In connection with the Cobblestone Village development, Plaintiff expected to enter into additional business relationships.

176. Donald R. Staley had individual knowledge of the Plaintiff's business relationships made

in connection with the Cobblestone Village Development.

177. Donald R. Staley had individual knowledge of the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

178. Donald R. Staley intentionally interfered with the Plaintiff's business relationships made in connection with the Cobblestone Village development.

179. Donald R. Staley intentionally interfered with the Plaintiff's expectancy to enter into business relationships made in connection with the Cobblestone Village development.

180. Plaintiff sustained damages as a result of Donald R. Staley's interference.

181. Plaintiff incurred substantial expenses and costs associated with its Application, including, but not limited to, fees for engineers, architects, carrying costs, and legal counsel.

182. Plaintiff missed opportunities to take advantage of favorable sale and/or market conditions as a result to Donald R. Staley's intentional, egregious and unlawful actions.

183. Donald R. Staley's intentional, egregious and unlawful actions denied Plaintiff the opportunity to positively market and pre-sell units of the Development.

184. Plaintiff has suffered and continues to suffer substantial additional losses as a result of Donald R. Staley's actions.

(Continued on next page)

WHEREFORE, Plaintiff requests that judgment enter for it, and against Donald R. Staley, individually, in an amount sufficient to compensate Plaintiff for its damages, together with interest, and costs, including attorneys' fees, and expenses, and grant such other relief as the Court deems appropriate.

Respectfully Submitted
Exeter Real Estate Holdings, LLC
By Its Attorneys,

Eric Everett, Esq. (#7444)
Michael T. Faraci, Esq. (#7067)
DarrowEverett, LLP
One Turks Head Place
Providence, RI 02903
Tel: (401) 453-1200
Fax: (401) 453-1201

Date: June 6, 2007

# VERIFICATION

I, Kevin Casey, Mgr, Patriot Millennium Group, LLC of Exeter Real Estate Holdings, LLC, hereby verify that, as to those allegations in the Verified Complaint which are made upon personal knowledge, they are true and correct to the best of my knowledge; and as to those allegations that are made upon information and belief, that they are true and correct to the best of my information and belief.

KEVIN CASEY

STATE OF CT
COUNTY OF Hartford

In ________________ on this 4 day of June, 2007 before me personally appeared KEVIN CASEY to me known and known by me to be the party executing the foregoing instrument and acknowledged said instrument and the execution thereof, to be his free act and deed.

Stacee A Cole
Notary Public
My Commission Expires: ________

STACEE A. COLE
NOTARY PUBLIC
MY COMMISSION EXPIRES DEC. 31, 2011