STATE OF RHODE ISLAND
WASHINGTON, sc

SUPERIOR COURT

EXETER REAL ESTATE HOLDING, LLC )
a/k/a EREH, LLC )

VS. ) C.A. NO. WC-07-0372

THE TOWN OF EXETER by and through )
Richard D. Walker, as Treasurer of the Town of)
Exeter and THE TOWN OF EXETER TOWN )
COUNCIL, by and through its members, and )
CALVIN A. ELLIS, individually, and ROBERT E.)
JOHNSON, JR., individually, and KENNETH L. )
FERNSTROM, and WILLIAM P. MONAHAN, )
individually, and DONALD R. STALEY, )
individually )

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR.
07 JUN 29 AM 11:45

**ANSWER OF DEFENDANTS**

The defendants, *TOWN OF EXETER, by and through Richard D. Walker as Treasurer, THE EXETER TOWN COUNCIL and CALVIN A. ELLIS, ROBERT E. JOHNSON, JR., KENNETH L. FERNSTROM, WILLIAM P. MONAHAN and DONALD R. STALEY* (hereinafter, "the defendants") hereby answer the allegations contained in the plaintiff's Complaint as follows:

"NATURE OF THE ACTION"

The defendants aver that the allegations contained in the paragraph entitled "Nature of the Action" are self-serving, state legal conclusions, are argumentative in nature and, accordingly, should be stricken. Without waiving the above objections, the defendants state that any and all ordinances and statutes speak for themselves. The defendants assert that they repealed the Age Restricted Ordinance in a good faith exercise of their legislative prerogatives, believing that such ordinance was legally, procedurally and substantively flawed and defective from its inception. The defendants

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

deny that the repeal of the subject ordinances violated local, state or Federal ordinances, plans, statutes, constitutional provisions or rights. The defendants also deny that the plaintiff has been damaged as a result of any wrongful activity of the defendants.

## PARTIES

1. Admitted

2 – 3. Admitted

4 – 8. The defendants admit the allegations stated in paragraphs 4 - 8, excepting, however, any implied averments that the subject defendants are properly sued in their individual capacities, which allegations are specifically denied.

## JURISDICTION and VENUE

9 –10. The plaintiff's allegations of jurisdiction and venue state legal conclusions properly reserved for the Court. The allegations are, accordingly, denied and the plaintiff is left to its proof thereof.

## GENERAL ALLEGATIONS
## BACKGROUND

11 –12. Admitted

13. The defendants admit that the plaintiff submitted an application for Cobblestone Village to the Exeter Planning Board in or about January of 2007; however, they deny that all supplements and amendments were submitted in January, 2007, as alleged.

True Copy Attest
C. R. [signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

(The defendants deny the allegations contained in the unnumbered heading inserted after paragraph 13.)

14. R.I.G.L. 45-24-50, in its entirety, speaks for itself.

15 - 20. The AHP Zoning Ordinance and Comprehensive Plan meeting minutes and State laws speak for themselves. To the extent that any such laws or documents are interpreted by the plaintiff, not quoted in their entirety or are quoted out of context, such allegations and opinions are denied and the plaintiff is left to its proof thereof.

21 – 22. Please see answer 15 – 20, which is incorporated herein. The defendants specifically deny the allegations of paragraph 22.

23. Admitted

24 – 25. Denied

26. Please see answer 15 –20, which is incorporated herein.

(The defendants deny the allegations contained in the unnumbered heading inserted after paragraph 26.)

27 – 30. The defendants admit that the referenced letters were sent but deny the opinions, self-serving allegations, accusations and conclusions referenced therein.

31. R.I.G.L. 45-34-44, in its entirety, speaks for itself.

32. As no "record" is referenced, the defendants are unable to admit or deny the referenced allegation. The plaintiff is, accordingly, left to its proof thereof.

33. The plaintiff has failed to attach a copy of the referenced "internal memorandum" and the defendants are, accordingly, unable to admit or deny the allegations contained in paragraph 33.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

34 – 35. The defendants admit that a Planning Board meeting was held on or about May 8, 2007, but are unable to admit or deny that the meeting was convened merely to review the status of the Application. The minutes and agenda relative to any such meeting will speak for themselves.

36. The defendants admit that the plaintiff has filed an "Appeal" with the Town Clerk and sent a copy thereof to the Zoning Board.

37 – 47. Denied

48. The allegations of paragraph 48 are taken out of context and are, accordingly, denied.

49. Denied

50 – 53. The minutes of the March 5, 2007, and April 2, 2007, Town Council meetings and the plaintiff's submissions speak for themselves. The defendants deny the characterizations contained in paragraphs 50 - 53 and any allegation that the Council's actions were undertaken in "bad faith" or were otherwise illegal. Defendants deny that their actions were project specific or intended to apply only to the plaintiff. The defendants aver that, to the contrary, the moratorium was crafted to exempt any pending applications, thus potentially exempting the plaintiff from the terms of the temporary moratorium.

54. The Zoning Ordinance, in its entirety and in its proper context, speaks for itself. The defendants believe that such language was potentially *ultra vires* in nature, was the improvident act of a prior Town Council, violated sound public policy and was, accordingly, properly subject to repeal.

55. The defendants admit that the Town Council met in Executive Session, deny the allegation that action was taken "Nonetheless" and aver that any persons

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

having provisionally submitted an application under the ordinance were exempted from the operation of the moratorium.

56. Please see answer No. 48, which is restated herein.

57. Please see answers Nos. 27 – 30 which are restated herein.

58. The defendants admit that the Town Council met in Executive Session and deny the allegation that action was taken "Nonetheless".

59. Please see answers No. 48 and 54, which are incorporated herein.

**COUNT I**
**(The defendants deny the allegations contained in the heading following Count I)**

60. The defendants incorporate herein their answers to paragraphs 1 – 59.

61. R.I.G.L. 45-24-50, in its entirety and appropriate context, speaks for itself.

62. The allegations of paragraphs 62 state a legal conclusion reserved for The Court. The plaintiff is, accordingly, left to its proof thereon.

63. Please see answers No. 15 – 20, which are incorporated herein.

64 – 66. Denied

67. R.I.G.L. 45-23-72, in its entirety and proper context, speaks for itself. The allegations otherwise state legal conclusions reserved for the Court.

**COUNT II**
**(The defendants deny the allegations contained in the heading following Count II)**

68. The defendants incorporate herein their answers to paragraphs 1 –67.

69. The defendants admit that the repeal of the ordinance was performed in the proper exercise of their legislative discretion, authority and jurisdiction pursuant to State

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

law, the Constitution of the State and the Exeter Home Rule Charter. The allegations of this paragraph otherwise state a legal conclusion reserved for the Court.

70 – 74. Denied

**COUNT III**
**(Ellis)**

75. The defendants' responses to paragraphs 1 – 74 are incorporated herein.

76. Admitted. The defendants specifically aver that such ordinance was violative of sound public policy, included potentially unenforceable or *ultra vires* provisions and was, accordingly, subject to repeal.

77. Admitted that Mr. Ellis had concerns with various aspects of the ordinance then under consideration and that he joined numerous other concerned citizens as an appellant in a subsequent Superior Court appeal. The dismissal of the appeal was voluntary, and the allegations contained in the appeal were never adjudicated on the merits.

78. Please see answer 69, which is incorporated herein.

79 – 83. Denied

**COUNT IV**
**(Fernstrom)**

84. The defendants' responses to paragraphs 1 –83 are incorporated herein by reference.

85. Please see answer No. 69, which is incorporated herein.

86 – 90. Denied

True Copy Attest
C. R. Chaney [signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

**COUNT V**
**(Johnson)**

91. The defendant's responses to paragraphs 1 – 89 are incorporated herein by reference.

92. The statements alleged are hearsay and taken out of context. The plaintiff is left to its proof, accordingly.

93. Please see answer No. 69, which is incorporated herein.

94 – 98. Denied

**COUNT VI**
**(Monahan)**

99. The defendants' responses to paragraphs 1 – 98 are incorporated herein by reference.

100. Please see answer No. 69, which is incorporated herein.

101 – 105. Denied

**COUNT VII**
**(Staley)**

106. The defendants' answers to paragraphs 1 – 105 are incorporated herein by reference.

107. Please see answer No. 69, which is incorporated herein.

108 – 112. Denied

**COUNT VIII**
**(TORTIOUS INFERENCE)**

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

113. The defendant's answers to paragraphs 1 – 112 are incorporated herein by reference.

114 – 115. The defendant does not have sufficient facts and is, accordingly, unable to admit or deny the allegations contained in paragraphs 114 – 115.

116 – 120. Denied

121. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraph 121.

122 – 124. Denied

**COUNT IX**

125. The defendants' answers to paragraphs 1 – 124 are incorporated herein by reference.

126 – 127. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraphs 126 and 127.

128 – 132. Denied

133. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraph 133.

134 – 136. Denied

**COUNT X**

137. The defendants' answers to paragraphs 1 –136 are incorporated herein by reference.

138 - 139. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraphs 138 and 139.

True Copy Attest
C. R. [signature]
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

140 – 144. Denied

145. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraph 145.

146 – 148. Denied

## COUNT XI

149. The defendants incorporate herein their answers to paragraphs 1 –1 48.

150 – 151. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraphs 150 and 151.

152 – 156. Denied

157. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraph 157.

158 –160. Denied

## COUNT XII

161. The defendants incorporate herein their answers to paragraphs 1 – 160.

162 – 163. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraphs 162 and 163.

164 – 168. Denied

169. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraph 169.

170 – 172. Denied

## COUNT XIII

173. the defendants incorporate herein their answers to paragraphs 1-172

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

174 – 175. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraphs 174 and 175.

176 – 180. Denied

181. The defendant does not have sufficient facts and is unable to admit or deny the allegations contained in paragraph 181.

182 – 184. Denied

## DEFENSES

185. The plaintiff has failed to state a claim upon which relief may be granted.

186. The plaintiff's action is not presently justiciable.

187. The plaintiff has failed to exhaust administrative remedies before filing this suit.

188. The alleged actions of the defendants were purely legislative in nature and, accordingly, are legislatively immune and otherwise not subject to challenge.

189. The defendants are completely and/or qualifiedly immune from suit.

190. The plaintiff's action is barred by application of the doctrine of Sovereign Immunity.

191. The plaintiff's action is barred by the application of the equitable doctrine of Estoppel and Laches, *inter alia*.

192. The plaintiff's actions are barred by application of the doctrine of Legislative Immunity.

193. The plaintiff's complaint must be dismissed for failure to comply with the predicate dictates of R.I.G.L. 45-15-5.

194. The plaintiff assumed the risk of any losses alleged.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

195. The plaintiff's losses, if any, were the direct result of its own actions and inactions.

**WHEREFORE**, the defendants pray as follows:

1. That the plaintiff's complaint be dismissed with prejudice.
2. That the plaintiff's claims for relief be denied.
3. That judgment enter for the defendants.
4. That the defendants be awarded their costs and attorneys' fees.
5. For such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted,
Defendants
The Town of Exeter, by and through Richard D. Walker, as Treasurer of the Town of Exeter, The Town of Exeter Town Council by and through its members Calvin A. Ellis, individually, Robert E. Johnson, Jr., individually, Kenneth L. Fernstrom, individually, William P. Monahan, individually, and Donald R. Staley, individually

JAMES P. MARUSAK #2470
Town Solicitor of the Town of Exeter
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
401-274-6644
fax: 401-331-9304

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

## CERTIFICATION

I hereby certify that on the 28th day of June, 2007, copies of the within ANSWER were sent by United States first-class mail, postage prepaid, and/or hand delivered to **Eric Everett, Esquire**, and **Michael T. Faraci, Esquire**, DarrowEverett, LLP, One Turks Head Place, Suite 500, Providence, RI 02903.

Phyllis J. Giarrusso

True Copy Attest
C. R. Chopy

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island